**Denard T. GALLOWAY, Petitioner**

v.

**OFFICE OF PENNSYLVANIA ATTORNEY GENERAL, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 26, 2012.

Decided Feb. 12, 2013.

Denard T. Galloway, petitioner, pro se.

Calvin R. Koons, Sr. Deputy Attorney General, Harrisburg, for respondent.

## PER CURIAM OPINION.

Denard T. Galloway, proceeding *pro se,* challenges the order of the Office of Attorney General, Right–to–Know Appeals Office, which denied his appeal from the decision of the Right–to–Know Officer denying his request for records concerning funds appropriated and spent to relocate Linda Smith, a witness at his criminal trials. As a result of his conviction, Galloway is serving a life sentence in a maximum security prison, without possibility of parole.

On January 30, 2012, Galloway submitted a request under the Right–to–Know Law (Law) [1] to the Office of Attorney General (OAG). He sought disclosure of the following information:

> [A]ll information regarding expenditures, and the amount of same, related to:
>
> > Reimbursement or outlays for LINDA SMITH circa years 2000–2006, relative to the matter of Commonwealth versus Denard T. Galloway, a criminal prosecution in Westmoreland County, Pennsylvania at CP# 65–CR–0001411–1999, for which the Attorney General agreed to provide funds to the District Attorney of Westmore-

land County to facilitate relocation of Ms. Smith.

> This request is for information relative to total funds appropriated and spent by the Attorney General's Office, only, toward the above stated subject matter.

Original Record (O.R.) at 1. On March 6, 2012, the OAG's Right–to–Know Officer denied Galloway's request asserting that disclosure of the requested documents was precluded as

> [a] record of an agency relating to or resulting in a criminal investigation, including: (i) complaints of potential criminal conduct other than a private criminal complaint; investigative materials, notes, correspondence, videos and reports ... [a] record that includes information made confidential by law or court order ... [a] record that, if disclosed, would [r]eveal the institution, progress or result of a criminal investigation, except the filing of criminal charges *or [e]ndanger the life or physical safety of an individual.* 65 P.S. § 67.708(b)(16)(i), (ii), (iv), (vi)(A) and (E).

O.R. at 4 (Emphasis added).[2] The Right–to–Know Officer further stated that the witness relocation program allows the OAG to assist law enforcement agencies by providing financial resources to quickly

---

1. Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101–67.3104.

2. The following records are exempt from disclosure under Section 708(b)(16)(i), (ii), (iv), (vi)(A) and (E) of the Law:

> (16) A record of an agency relating to or resulting in a criminal investigation, including:
> (i) Complaints of potential criminal conduct other than a private criminal complaint.
> . . . .

> (ii) Investigative materials, notes, correspondence, videos and reports.
> . . . .
> (iv) A record that includes information made confidential by law or court order.
> . . . .
> (vi) A record that, if disclosed, would do any of the following:
> (A) Reveal the institution, progress or result of a criminal investigation, except the filing of criminal charges.
> (E) Endanger the life or physical safety of an individual.

hide or relocate witnesses from areas where their witness status has made them potential victims. *Id.* Galloway appealed the denial to the OAG Appeals Officer. The Appeals Officer affirmed the denial of Galloway's request relying on the same subsections of the Law as the Right–to–Know Officer. O.R. at 11. This appeal followed.

Galloway asserts that the OAG failed to provide sufficient justification for denying his request. Galloway argues that the OAG has failed to establish that disclosure of the requested information poses a reasonable likelihood and a substantial and demonstrable risk to Smith's security. Galloway states that, although since his conviction at his second trial, he has been incarcerated in a maximum security facility serving a life sentence without the possibility of parole, his record does not reflect gang affiliations or contacts.[3] The OAG argues that witness protection and relocation programs are designed to allow law enforcement agencies to shield endangered witnesses from reprisal and that the information sought by Galloway is protected from disclosure because the request pertains to the law enforcement functions of the OAG.

Under Section 708 of the Law, the OAG bears the burden of proving by a preponderance of the evidence that the requested records constitute complaints of potential criminal conduct or other private criminal complaints, investigative materials, notes, correspondence, videos, reports, information made confidential by law or court order or that the disclosure of the requested records would reveal the institution, progress or result of a criminal investigation or endanger the life or physical safety of Smith. While the OAG relied upon all of the above-listed sections of Section 708(b)(16), the most pertinent is that the requested records were exempt from disclosure under Section 708(b)(16)(vi)(E), as such disclosure would endanger the life or physical safety of Smith. It asserts, therefore, that, "Witness Relocation Program records maintained by this agency, specifically involving an individual offered relocation services in a criminal matter, are subject to exemption under the RTKL." Denial Letter, O.R. at 4.

 We agree. Section 708(b)(16)(vi)(E) is necessarily applicable to expenditures for witness relocation, as law enforcement agencies only relocate individuals who are endangered by their status as witnesses. Therefore we hold, as a matter of law, that information related to the relocation of a particular witness through a witness protection program of a law enforcement agency is exempt from disclosure under Section 708(b)(16)(vi)(E).[4] [5]

---

**3.** Galloway also states in his brief to this court that, "for Appellant's first criminal trial the Commonwealth divulged that approximately 6,000 dollars was spent by Appellee for Linda Smith." (Brief, at 7). This statement is entirely dehors the record, so we may not consider it. At all events, that some type of prior expenditure may have previously been disclosed in some unidentified way is of no relevance to our analysis of the requirements of the Law.

**4.** We emphasize that we here address only information regarding relocation of an individual witness, or a related group of witnesses in a particular case, not program-wide information such as overall agency expenditures.

**5.** We decline to adopt a case by case approach because it is difficult, if not impossible, to determine what a given piece of information may disclose about the whereabouts of a relocated witness to someone who desired to retaliate, because we can never know what other knowledge that person possesses.

Here, for instance, Galloway seeks only the amount of money spent on relocation, and suggests that the information would not disclose her whereabouts. However, the tran-

Accordingly, we affirm the decision of the Appeals Officer.[6]

## ORDER

AND NOW, this 12th day of February, 2013, the order of the Office of Attorney General, Right–to–Know Appeals Officer is hereby AFFIRMED.

script from his criminal trial reflects that the Westmoreland Prosecutor told the court only that "[S]he's been approved by the Attorney General's Office for the witness protection program *which would provide funds for relocation if that's what we're going to do.*" MM. at 3) (emphasis added). If the AG did not provide any funds to Westmoreland County, Galloway would know that Smith did not relocate under the witness protection program. Speculation by the court about the value of the information sought, however, can be no more than guesswork and thus would serve no useful purpose.

6. In light of our disposition, we will not address the other exemptions claimed by OAG.